

Signed: August 18, 2008

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                          Case No. 07-40192 EDJ

KIM T. RYDER,                                  Chapter 7

                        Debtor./

MEMORANDUM DECISION

    The issue before the court is whether Kim T. Ryder, the above debtor ("Ryder"), must file a new means test form following conversion of her chapter 13 case to chapter 7. The court concludes in the negative.

    On January 19, 2007, Ryder filed a voluntary petition under chapter 13 of the Bankruptcy Code. Among the papers Ryder filed was Official Form 22C entitled "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income." The form showed that Ryder was below the applicable median income.

    On May 9, 2008, Ryder caused her chapter 13 case to be converted to chapter 7. On May 13, 2008, the Clerk of Court generated and served Ryder with a document entitled "Order to File Required Documents [and] Notice of Automatic Dismissal" (the

Memorandum Decision

"Order"). The Order stated that Ryder had failed to file a "Statement of Current Monthly Income and Means Test Calculation (Form B22)." The Order went on to say that unless Ryder filed that form within 15 days, or a request for an extension of time, or a written request for an order excusing the filing of the form, her bankruptcy case could be dismissed without further notice or hearing.

Thereafter, Ryder filed a timely request for a hearing and an opposition to the threatened dismissal. The opposition argues that the Bankruptcy Code does not require a debtor that converts a chapter 13 case to chapter 7 to file a new means test form.

The court is not aware of any binding authority on the issue. The non-binding authority is split. Compare In re Fox, 370 B.R. 639 (Bankr. D.N.J. 2007) (new means testing not required after conversion) and In re Perfetto, 361 B.R. 27 (Bankr. D.R.I. 2007) (new means testing required after conversion).

Fox reached the conclusion that a new means test is not required after conversion based on the language of Bankruptcy Code § 707(b). Section 707(b) provides, in relevant part, that the court "may dismiss a case filed by an individual debtor under this chapter" if the granting of chapter 7 relief would be an abuse of chapter 7. (Section 707(b) goes on to provide for a presumption of abuse if the means testing formula raises a presumption.) Fox reasoned that because the debtor had not "filed" a petition under chapter 7, but rather under chapter 13, means testing under § 707(b) was not required. 370 B.R. at 642-43.

Memorandum Decision 2

Perfetto reached the opposite conclusion based on what the court considered to be "the common sense" view. 361 B.R. at 30. The court also found support for its conclusion in Bankruptcy Code § 348(a).[1] Id. at 30-31.

The court finds the Fox analysis more persuasive. The language of § 707(b) refers to a filing, not a conversion. And, as Fox noted, § 707(b)(2)(A)(ii)(I) (part of the means test) refers to expenses "as in effect on the date of the order for relief" rather than the date of a conversion. Further, the Fox court noted that § 348(b), which the Perfetto court did not cite, defines the sections where "order for relief" refers to the conversion of a case, and § 707(b) is not listed.[2]

It could be argued that unless new means testing is required after a conversion, debtors could abuse the system by filing chapter

---

[1] Bankruptcy Code § 348(a) provides: "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."

[2] Moreover, the notion that "common sense" requires new means testing after a conversion could certainly be debated. Presumably, the purpose of means testing is to preclude chapter 7 relief to debtors who can fund a chapter 13 plan. Therefore, the court has difficulty accepting the view that "common sense" dictates that a debtor who, in good faith, fails in chapter 13 must automatically be means tested upon a conversion to chapter 7 to see if the debtor should be presumed to be an abuser whose case belongs in chapter 13.

Memorandum Decision          3

13 and converting their cases to chapter 7 in order to avoid chapter 7 means testing. Such an argument, however, is specious. First, the argument does not justify departure from the statutory language. In addition, the court always has authority to dismiss a chapter 13 case not filed in good faith. <u>In Re Leavitt</u>, 171 F.3d 1219 (9th Cir. 1999). A chapter 13 case filed for purposes of converting the case to chapter 7 in order to avoid chapter 7 means testing would certainly come under that heading. <u>See</u> also <u>Marrama v. Citizens Nat'l Bank of Mass.</u>, 549 U.S. 365 (2007) (holding that a chapter 7 debtor acting in bad faith does not have an absolute right under the Bankruptcy Code to convert a chapter 7 case to chapter 13).

The court therefore requests Ryder's counsel to submit to the court a proposed order providing that Ryder need not file Official Form 22A, and that her chapter 7 case is not to be dismissed based on the fact that she did not file Official Form 22A.

\*\*END OF ORDER\*\*

Memorandum Decision 4

COURT SERVICE LIST

Michael J. Primus, Esq.
500 Alfred Nobel Drive, Suite 135
Hercules, CA 94547

John Kendall
Chapter 7 Trustee
2411 Santa Clara Avenue, Suite 12
Alameda, CA 94501

Office of the U.S. Trustee
1301 Clay Street, Suite 690-N
Oakland, CA 94612

Memorandum Decision 5